UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROMOCELLY DAMASCUS,

    Plaintiff,

v.                                     CASE NO. 3:21-cv-941-TJC-MCR

JACKSONVILLE CHIEF SHERIFF
MIKE WILLIAMS & ASSISTANT
KESHIA BURTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Court's April 12, 2022 Order (Doc. 13).

On September 20, 2021, Plaintiff filed his Complaint for Violation of Civil Rights ("Complaint"), and unnotarized Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). (Doc. 2.) On October 27, 2021, the undersigned recommended that Plaintiff's Application

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

be denied and Plaintiff be ordered to pay the filing fee within sixty days of the Court's order on the Report and Recommendation. (Doc. 4.) On November 17, 2021, Judge Corrigan adopted the Report and Recommendation, dated October 27, 2021, and directed Plaintiff to pay the filing fee no later than January 18, 2022. (Doc. 5.)

On November 22, 2021, Plaintiff filed a motion seeking a waiver of the filing fee and a court-appointed counsel. (Doc. 6.) On November 24, 2021, Judge Corrigan entered an Order: (1) construing Plaintiff's November 22, 2021 filing as a motion to reconsider the Court's November 17, 2021 Order, (2) vacating the Court's November 17, 2021 Order, and (3) recommitting the Application and the November 22, 2021 Motion to the Magistrate Judge in light of the additional information provided by Plaintiff on November 22, 2021. (Doc. 7.) Judge Corrigan's November 24, 2021 Order was mailed to Plaintiff on November 29, 2021.

On December 3, 2021, Plaintiff filed a Notice advising the Court that he was planning to pay the filing fee in full before January 18, 2022, as directed by the Court's November 17, 2021 Order. (Doc. 8.) On December 10, 2021, the undersigned entered an Order taking the Application under advisement and directing Plaintiff to either pay the filing fee as stated in his Notice or provide any additional information to the Court regarding his financial

circumstances no later than January 18, 2022.[2] (Doc. 9.) The undersigned explained: "Because Judge Corrigan's most recent Order was mailed to Plaintiff on November 29, 2021, it is possible that the Order crossed in the mail with Plaintiff's December 3, 2021 Notice." (*Id.* at 1.)

When Plaintiff failed to comply, on February 1, 2022, the undersigned entered an Order, dated January 31, 2022, directing Plaintiff to either comply with the Court's December 10, 2021 Order, or show cause in writing why the undersigned should not recommend to the District Judge that the Application be denied and the case be dismissed for lack of prosecution pursuant to Local Rule 3.10, no later than February 14, 2022. (Doc. 10.) Plaintiff was warned that failure to comply with that Order could result in a recommendation that his Application be denied and the case be dismissed without further notice. (*Id.*) The Court's Order (Doc. 10), entered on February 1, 2022, was mailed to Plaintiff on February 2, 2022.

On February 23, 2022, without seeking leave to file out-of-time, Plaintiff responded to the Court's January 31, 2022 Order, as follows:

> My income has changed, I no longer work at Harvey's Supermarket part-time, no longer have a P.O. Box, to[o] expensive, $79.00 for six months, [sic] asking for a waiver and send all Court orders electronic-computer-email [sic]. Donna[,] US Post Office clerk[,] should be fired, she intentional[ly] kept this letter from me, or just forgot she has my ph[one number]

---

[2] The Order also denied Plaintiff's request for a court-appointed attorney. (Doc. 9.)

> 904-676-0161.  I got your letter Friday, with my girlfriend with me at the North Main Post Office.  My email is dromocelly6@gmail.com.  If you do not want to accept clerk [sic] all email communication to the Court for a hearing, then please send me a letter to my address.  Since the sexual assault, I've been having internal stomach abdominal pain, headaches, I've been taking over the counter low dose aspirin, and high dose aspirin.  Ask [sic] for a court date from you, so I ask you to appoint me a Justic[e] Dept attorney for settlement [illegible] offer, pain, suffering, mental anguish, for sixteen million dollars.
> . . .

(Doc. 11 at 1-2.)

On March 7, 2022, the Court entered an Order denying without prejudice Plaintiff's Application (Doc. 2) and directing Plaintiff to file an amended complaint and an updated, legible, and notarized application no later than March 28, 2022.  (*See* Doc. 12.)  In the same Order, Plaintiff was cautioned that failure to comply with the directives of the Order "may result in a recommendation to the District Judge that this case be dismissed for failure to state a claim on which relief may be granted and/or want of prosecution."  (*Id.* at 11.)

When Plaintiff failed to file an amended complaint and an amended application, or seek an extension of time to do so, on April 12, 2022, the Court entered an Order, directing Plaintiff, on or before April 27, 2022, to either comply with the Court's March 7, 2022 Order or show cause in writing why this case should not be dismissed for lack of prosecution pursuant to Local Rule 3.10 and/or failure to state a claim on which relief may be granted.

(Doc. 13 at 2.)   Plaintiff was cautioned that failure to respond to the Order "may result in dismissal of the case without further notice."   (*Id.*)   When the Court's April 12, 2022 Order was returned as undeliverable, on April 26, 2022, the undersigned *sua sponte* extended Plaintiff's deadline for compliance until May 4, 2022, and directed the Clerk to email the April 12, 2022 Order, and any subsequent Court documents, to Plaintiff's email address.   (Doc. 16.)   On April 27, 2022, the Clerk emailed the Court's April 12, 2022 Order (Doc. 13) and the Court's April 26, 2022 Endorsed Order (Doc. 16) to Plaintiff.

To date, Plaintiff has not complied with the Court's Orders (Docs. 12, 13, 16), has not filed a response to the Order to Show Cause (Doc. 13),[3] and has not sought an extension of time to do so.   Based on the foregoing, the undersigned recommends that this case be dismissed for lack of prosecution pursuant to Local Rule 3.10 and failure to state a claim on which relief may be granted.

Accordingly, it is **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any

---

[3] On May 13, 2022, the Clerk's Office received email correspondence from Plaintiff, stating, in relevant part, that he had just received the Clerk's April 27, 2022 email with the Court's Orders, and that he was going to pay $100 towards the filing fee in mid-July 2022.   Plaintiff also advised that he intended to mail his payment via US Mail the same day before 5:00 p.m.   However, to date, no payment has been received and Plaintiff has not filed any other documents to comply with the Court's Orders.

5

pending motions and close the file.

      **DONE AND ENTERED** at Jacksonville, Florida, on June 7, 2022.

                              MONTE C. RICHARDSON
                        UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Timothy J. Corrigan
United States District Judge

*Pro Se* Party